## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RITA K. METZ, LINDA TEW and KIMBERLY VESELY, ) ) | CASE NO. |
| ) | FILED: MAY 27, 2009 |
| Plaintiffs, ) | 09CV3178 |
| ) | JUDGE CASTILLO |
| v. ) | MAGISTRATE JUDGE KEYS |
| ) | BR |
| JOE RIZZA IMPORTS, INC. d/b/a JOE RIZZA ) | |
| ACURA; JOE RIZZA ENTERPRISES, INC.; ) | |
| JOE RIZZA FORD, INC. d/b/a JOE RIZZA ) | |
| FORD LINCOLN MERCURY; JOE RIZZA ) | |
| FORD OF ORLAND PARK, INC. d/b/a JOE ) | |
| RIZZA PORSCHE; JOE RIZZA LINCOLN- ) | |
| MERCURY, INC.; JOE RIZZA OF ORLAND ) | JURY TRIAL DEMANDED |
| PARK, INC.; RIZZA CADILLAC/BUICK/ ) | |
| HUMMER, INC.; and RIZZA CHEVROLET, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs, RITA K. METZ, LINDA TEW, and KIMBERLY VESELY, as class representatives, on behalf of themselves and for all others similarly situated, through their attorneys, Barlow, Kobata & Denis and Michael D. Robbins & Associates, complain against Defendants Joe Rizza Imports, Inc. d/b/a Joe Rizza Acura; Joe Rizza Enterprises, Inc.; Joe Rizza Ford, Inc. d/b/a Joe Rizza Ford Lincoln Mercury; Joe Rizza Ford of Orland Park, Inc. d/b/a Joe Rizza Porsche; Joe Rizza of Orland Park, Inc.; Rizza Cadillac/Buick/Hummer, Inc.; and Rizza Chevrolet, Inc. (collectively "Defendants") as follows:

### JURISDICTION AND VENUE

1.       This action is brought as a class action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), for

the Defendants' discrimination against Plaintiffs in violation of Title VII and retaliation because of their complaints about and opposition to unlawful discrimination and discriminatory practices.

2.      This Court has subject matter jurisdiction under 28 U.S.C. §1331 and §1343, and 42 U.S.C. § 2000e-5(f)(3).

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3) insofar as Defendants have their principal place of business in this district. A substantial part of the alleged events giving rise to the claims occurred in this district. Plaintiffs are female residents residing in this district.

## PARTIES

4.      Plaintiffs, Rita Metz ("Metz"), Linda Tew ("Tew"), and Kimberly Vesely ("Vesely") are female citizens of the United States and are domiciled and reside in the Northern District of Illinois.

5.      Metz has been employed by Defendants in various positions between approximately November 1999 and October 2005, and most recently as an Internet Sales Coordinator, performing services for each of the named Defendants.

6.      Tew has been employed by Defendants in various positions between approximately October 1999 and the present, and most recently as an Internet Sales Director performing services for each of the named Defendants.

7.      Vesely has been employed by Defendants in various capacities between approximately 1997 and October 2005, performing services for each of the named Defendants.

8.     Defendant Joe Rizza Imports, Inc. d/b/a Joe Rizza Acura is an Illinois corporation that is registered to do business in the State of Illinois. Upon information and belief, Defendant was doing business within this district at all relevant times.

9.     Defendant Joe Rizza Enterprises, Inc. is an Illinois corporation that is registered to do business in the State of Illinois. Upon information and belief, at all relevant times, Defendant was doing business within this district.

10.     Defendant Joe Rizza Ford, Inc. d/b/a Joe Rizza Lincoln Mercury is an Illinois corporation that is registered to do business in the State of Illinois. Upon information and belief, at all relevant times, Defendant was doing business within this district.

11.     Defendant Joe Rizza Ford of Orland Park, Inc. d/b/a Joe Rizza Porsche is an Illinois corporation that is registered to do business in the State of Illinois. Upon information and belief, Defendant was doing business within this district at all relevant times.

12.     Defendant Joe Rizza Lincoln Mercury Inc. is an Illinois corporation that is registered to do business in the State of Illinois. Upon information and belief, Defendant was doing business within this district at all relevant times.

13.     Defendant Joe Rizza of Orland Park, Inc. is an Illinois corporation that is registered to do business in the State of Illinois. Upon information and belief, Defendant was doing business within this district at all relevant times.

14.     Defendant Rizza Cadillac/Buick/Hummer, Inc. is an Illinois corporation that is registered to do business in the State of Illinois. Upon information and belief, Defendant was doing business within this district at all relevant times.

15.     Defendant Rizza Chevrolet, Inc. is an Illinois corporation that is registered to do business in the State of Illinois.  Upon information and belief, Defendant was doing business within this district at all relevant times.

16.     Upon information and belief, Joe Rizza is a co-owner of all the named Defendants.

17.     Plaintiffs Metz, Tew, and Vesely performed sales services for all of the named Defendants' sales operations.

18.     All of the named Defendants were the subject of the Equal Employment Opportunity Commission's ("EEOC") investigation.

19.     At all relevant times, Defendants have continuously been and are now an employer in an industry affecting commerce within the meaning of Section 710(b) and (h) of Title VII, 42 USC §2000e-(b) and (h) and have employed more than fifteen employees.

20.     For twenty or more weeks in the calendar year 2004, more than five hundred (500) persons were employed by Defendants.

21.     For twenty or more weeks in the calendar year 2005, more than five hundred (500) persons were employed by Defendants.

22.     For twenty or more weeks in the calendar year 2006, more than five hundred (500) persons were employed by Defendants.

## EEOC ADMINISTRATIVE PROCEDURE

23.     Tew has fulfilled all conditions precedent to the institution of this lawsuit under Title VII.  She filed a charge of discrimination with the EEOC on October 13, 2005.  She received a Notice of Right to Sue from the EEOC on April 27, 2009, a copy of which is attached

hereto as Exhibit A. She filed this lawsuit within ninety (90) days of her receipt of the EEOC Notice of Right to Sue.

24.     Metz has fulfilled all conditions precedent to the institution of this lawsuit under Title VII. She filed a charge of discrimination with the EEOC on October 13, 2005. She received a Notice of Right to Sue from the EEOC on April 27, 2009, a copy of which is attached hereto as Exhibit B. She filed this lawsuit within ninety (90) days of her receipt of the EEOC Notice of Right to Sue.

25.     Metz has fulfilled all conditions precedent to the institution of this lawsuit under Title VII. She filed a second charge of discrimination with the EEOC on July 31, 2007. She received a Notice of Right to Sue from the EEOC on April 27, 2009, a copy of which is attached hereto as Exhibit C. She filed this lawsuit within ninety (90) days of her receipt of the EEOC Notice of Right to Sue.

26.     Vesely has fulfilled all conditions precedent to the institution of this lawsuit under Title VII. She filed a charge of discrimination with the EEOC on October 13, 2005. She received a Notice of Right to Sue from the EEOC on April 27, 2009, a copy of which is attached hereto as Exhibit D. She filed this lawsuit within ninety (90) days of her receipt of the EEOC Notice of Right to Sue.

27.     With respect to the charges of discrimination filed by Plaintiffs, on October 13, 2005, the EEOC issued a Determination. That Determination, in pertinent part, states:

> "I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against a class of females, including the Charging Party, when it subjected them to sexual harassment and gender-based harassment, in violation of Title VII."

## COUNT I
## TITLE VII VIOLATION

28.     At all pertinent times, Plaintiffs were qualified to perform their job duties with the Defendants.

29.     At all pertinent times, Plaintiffs satisfactorily performed their job duties with the Defendants.

30.     While employed with Defendants, Plaintiffs worked with employees, managers and officers from various departments and locations of Defendants.

31.     During their employment with Defendants, Plaintiffs were subjected to sexual harassment in the form of unwanted comments and inquiries about their sex life, sexual advances, unwanted touching and grabbing, and a discriminatory hostile working environment based on sex.

32.     The sexual harassment to which Plaintiffs were subjected was both severe and pervasive and adversely affected their job opportunities and violated Title VII.

33.     Defendants' custom and practice was and is to maintain a sexually hostile and abusive work environment for Plaintiffs and other female employees.  Sexual harassment was systematic and part of Defendants' regular custom, practice, and policy.

34.     Plaintiffs and other female class members were subjected to sex-based insults, threats, sexually demeaning remarks, and lewd suggestions, all of which were reported to Defendants' management, including, but not limited to:

   a)     verbal comments of a sexual nature by co-workers, managers and the Defendants' owners;

   b)     sexually degrading jokes by co-workers, managers and the Defendants' owner;

   c)     foul and vulgar language derogatory of females and the female anatomy; and

6

d)      unwanted and offensive touching and groping of a sexual nature by Defendants'

co-workers and managers.

35.     Defendants have discriminated against Plaintiffs and the class they represent in

their terms and conditions of employment because of their sex in violation of Title VII.

Plaintiffs and other females were subjected to severe or pervasive sexual harassment, which

interfered with the terms and conditions of their employment.

36.     Plaintiffs and other female employees were discriminatorily paid or compensated

less than their male co-workers and deprived of job advancements due to their gender.

Defendants also discriminated against Plaintiffs and the class of females because of their sex by

paying or compensating them at a rate less than employees of the opposite sex, although

Plaintiffs and the female class performed jobs substantially equal in terms of skill, effort,

responsibility and were performed under similar working conditions.

37.     Plaintiffs repeatedly complained to Defendants about being subjected to a

sexually hostile and abusive work environment and alleged sex discrimination.  Despite their

complaints, Defendants failed to adequately investigate, remedy and correct the sex harassment

and sex discrimination and take prompt corrective action.

38.     The foregoing acts and conduct by Defendants were unwelcome by Plaintiffs and

other female class members and unreasonably interfered with their work performance, created an

unreasonably hostile environment, seriously affected their psychological and physical well-

being, were unlawful, and violated Title VII.

39.     The discriminatory acts of Defendants, their agents, managers, and owners were

deliberate, intentional, wanton, and malicious, and were done with malice or with reckless

indifference to Plaintiffs' civil rights, and the civil rights of the class of females, and entitle

7

Plaintiffs and the female class to punitive damages. The acts complained of were ratified, authorized, or permitted by Defendants and their management, officers, and owners.

40.     Because of Defendants' conduct, Plaintiffs and the female class suffered physical and emotional injuries and illness due to Defendants' conduct. Plaintiffs and the female class have suffered humiliation and tangible losses, including denial of job opportunities, pay, and promotions.

41.     Plaintiffs complained of the sex harassment to Defendants, and Plaintiffs requested that Defendants stop the sexual harassment.

42.     Because Plaintiffs complained about sex harassment and asked Defendants to stop the sexual harassment, Defendants retaliated against Plaintiffs.

43.     Defendants' retaliation against Plaintiffs included constructively discharging Plaintiffs and decreasing their pay and compensation.

44.     Defendants' retaliatory conduct violated Title VII, was done maliciously, and warrants the imposition of punitive damages.

45.     Because of Defendants' discriminatory customs and practices, Plaintiffs and the class have suffered and continue to suffer substantial losses in earnings, benefits, and other terms and conditions of employment.

## CLASS ACTION

46.     Plaintiffs bring this action on their own behalf and on behalf of other persons similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

47.     The class that Plaintiffs represent is composed of all persons who are employed or have been employed by Defendants or continue to be adversely affected by the practices complained of herein which violate Title VII.

48.     These persons are so numerous that joinder of all class members is impracticable.

49.     There are common questions of law and fact affecting the rights of the members of this class who are and continue to be limited, classified, and discriminated against in ways that deprive and tend to deprive them of equal employment opportunities and otherwise adversely affect their status as employees in violation of Title VII.

50.     The claims of the named individual Plaintiffs are typical of the class as a whole, and common relief is sought.

51.     The interests of the class are fairly and adequately represented by Plaintiffs.

52.     The prosecution of separate actions by individual members of the class would create a risk of incompatible standards of conduct for the Defendants.

53.     The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

54.     Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

55.     Questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and request that:

A. The Court declare, decree, and adjudicate that Defendants violated Title VII;

B. Grant a preliminary and permanent injunction against the Defendants, their officers, agents, managers and owners from violating Title VII, and protecting Plaintiffs and other female employees;

C. Enjoin Defendants and their officers, agents, managers, and owners to comply with Title VII and refrain from discriminating against Plaintiffs and other female employees and interfering with their rights and protections under Title VII and awarding appropriate equitable relief;

D. Enter appropriate injunctive relief awarding Plaintiffs and other female employees the backpay, frontpay, wages, employment benefits, and other compensation that was denied or lost;

E. Order Defendants to pay Plaintiffs and other female employees compensatory and punitive damages in an amount sufficient to punish Defendants for their past, discrimination and to deter them from continuing with their discriminatory practices;

F. Award Plaintiffs and other female employees all pre-judgment interest to which they are entitled;

G. Award Plaintiffs reasonable attorneys' fees and costs; and

H. Award such other and further relief as is just and appropriate, including nominal damages.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

56. Plaintiffs repeat and reassert the allegations of paragraphs 1 through 56.

57.     Plaintiffs repeatedly opposed alleged unlawful employment practices. Plaintiffs complained to Defendants about alleged sexual harassment and discriminatory pay practices based on sex.

58.     Because Plaintiffs opposed alleged unlawful employment practices, complained to Defendants about alleged sexual harassment and discriminatory pay practices based on sex, and filed a charge of discrimination with the EEOC, Defendants retaliated against them in violation of Title VII.

59.     The acts of Defendants included further acts of sexual harassment, retaliatory pay and compensation practices, constructive discharge, blackballing from the automobile industry, and derogatory job references.

60.     The retaliatory actions by the Defendants were taken deliberately and intentionally and were done with malice and reckless indifference to Plaintiffs' civil rights and entitle Plaintiffs to punitive damages under Title VII. The acts complained of herein were ratified, authorized, or permitted by Defendants and their management, officers, and owners.

61.     Defendants' retaliatory conduct violated Title VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and request that:

A.      The Court should declare, decree, and adjudge that Defendants have violated Title VII;

B.      Grant a preliminary and permanent injunction against the Defendants, their officers, agents, managers and owners from violating Title VII, and protecting Plaintiffs and other female employees;

11

C.    Enjoin Defendants and their officers, agents, managers, and owners to comply with Title VII and refrain from discriminating against Plaintiffs and other female employees and interfering with their rights and protections under Title VII and awarding appropriate equitable relief;

D.    Enter appropriate injunctive relief awarding Plaintiffs and other female employees the backpay, frontpay, wages, employment benefits, and other compensation that was denied or lost;

E.    Order Defendants to pay Plaintiffs and other female employees compensatory and punitive damages in an amount sufficient to punish Defendants for their past, discrimination and to deter them from continuing with their discriminatory practices;

F.    Award Plaintiffs and other female employees all pre-judgment interest to which they are entitled;

G.    Award Plaintiffs reasonable attorneys' fees and costs; and

H.    Award such other and further relief as is just and appropriate, including nominal damages.

## **JURY TRIAL**

A jury trial is demanded on all counts which are triable by a jury.

DATED:  May 27, 2009                                Respectfully submitted,

                                                    ____ *s/ Marty Denis* _____
                                                    Marty Denis
                                                    BARLOW, KOBATA & DENIS
                                                    525 W. Monroe Street, Suite 2360
                                                    Chicago, Illinois  60661
                                                    Telephone:  (312) 648-5570

Michael D. Robbins, Esq.
MICHAEL D. ROBBINS & ASSOCIATES
150 North Wacker Drive, Suite 2460
Chicago, Illinois 60606
Telephone: (312) 899-8000

*Attorneys for Plaintiffs*

# EXHIBIT A

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | | | |
|---|---|---|---|
| To: | Linda Tew<br>22349 South Carrie Avenue<br>Channahon, IL 60410<br><br>**CERTIFIED MAIL 7099 3400 0018 8814 4497** | From: | **Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2006-00196 | **Andrew Daley,<br>Investigator** | **(312) 886-7495** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*John P. Rowe*

**John P. Rowe,<br>District Director**

4/27/09.

*(Date Mailed)*

cc:   **JOE RIZZA ENTERPRISES**

# EXHIBIT B

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
## (CONCILIATION FAILURE)

To: Rita K. Metz
16423 Harmon Lane
Plainfield, IL 60586

CERTIFIED MAIL 7099 3400 0018 8814 4497

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2006-00190 | Andrew Daley,<br>Investigator | (312) 886-7495 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_

**John P. Rowe,**
**District Director**

4/27/09
*(Date Mailed)*

Enclosures(s)

cc: **JOE RIZZA ENTERPRISES**

# EXHIBIT C

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Rita K. Metz**<br>       **16423 Harmon Lane**<br>       **Plainfield, IL 60586**<br><br>       **CERTIFIED MAIL  7099 3400 0018 8814 4497** | From:  **Chicago District Office**<br>         **500 West Madison St**<br>         **Suite 2000**<br>         **Chicago, IL 60661** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2007-06755** | **Andrew  Daley,<br>Investigator** | **(312) 886-7495** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe* (signature)                                  4/27/09.
                                                                                    *(Date Mailed)*

Enclosures(s)

**John P. Rowe,**
**District Director**

cc:       **JOE RIZZA ENTERPRISES**

# EXHIBIT D

EEOC Form 161-A (3/98)

**U.S. Equal Employment Opportunity Commission**

## Notice of Right to Sue
### (Conciliation Failure)

| | |
|---|---|
| To: **Kimberly Vesely**<br>3416 Edgecreek Drive<br>New Lenox, IL 60451<br><br>**CERTIFIED MAIL 7099 3400 0018 8814 4497** | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **210-2006-00193** | **Andrew Daley,**<br>**Investigator** | **(312) 886-7495** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P Rowe*      4/27/09

Enclosures(s)

**John P. Rowe,**
**District Director**     *(Date Mailed)*

cc: **JOE RIZZA ENTERPRISES**