UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RITA K. METZ, LINDA TEW, and KIMBERLY VESELY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 09 C 3178 |
| JOE RIZZA IMPORTS, INC. d/b/a JOE RIZZA ACURA; JOE RIZZA ENTERPRISES, INC.; JOE RIZZA FORD, INC. d/b/a JOE RIZZA FORD LINCOLN MERCURY; JOE RIZZA FORD OF ORLAND PARK, INC. d/b/a JOE RIZZA PORSCHE; JOE RIZZA LINCOLN-MERCURY, INC.; JOE RIZZA OF ORLAND PARK, INC.; RIZZA CADILLAC/BUICK/HUMMER, INC.; and RIZZA CHEVROLET, INC., | ) ) ) Judge Ruben Castillo ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Rita K. Metz ("Metz"), Linda Tew ("Tew"), and Kimberly Vesley ("Vesley") (collectively, "Plaintiffs") filed this class action against Joe Rizza Imports, Inc. d/b/a Joe Rizza Acura; Joe Rizza Enterprises, Inc.; Joe Rizza Ford, Inc. d/b/a Joe Rizza Ford Lincoln Mercury; Joe Rizza Ford of Orland Park, Inc. d/b/a Joe Rizza Porsche; Joe Rizza Lincoln-Mercury, Inc.; Joe Rizza Ford of Orland Park, Inc.; Rizza Cadillac/Buick/Hummer, Inc.; and Rizza Chevrolet, Inc. (collectively, "Defendants"). (R. 26, Am. Comp. ¶ 1.) Plaintiffs' action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Equal Pay Act of 1963, 29 U.S.C. § 206(d), ("EPA"), and the Illinois Equal Pay Act, 820 ILCS 112/1, *et seq.* ("Illinois EPA") (*Id.* ¶ 3.) Presently before the Court is Defendants' motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 39, Defs.' Mot.) Additionally, Defendants have moved to strike declarations and exhibits Plaintiffs attached to their response brief. (R. 48, Defs.' Mot. to Strike.) For the reasons stated below, Defendants' motion to strike is granted and their motion to dismiss is granted in part and denied in part.

## RELEVANT FACTS

Defendants are a group of corporate entities involved in car sales. (*See* R. 26, Am. Compl. ¶¶ 8-16.) According to Plaintiffs, during 2003 through 2005, Joe Rizza ("Rizza") was the President of five of the eight entities named as defendants. (*See id.* ¶ 18.) Additionally, Rizza was the President of another defendant that was incorporated in 2005. (*See id.* ¶¶ 13, 18.) Finally, Rizza is alleged to have had at least a fifty percent ownership interest in another defendant. (*See id.* ¶ 16.) Plaintiffs performed sales services for Defendants and worked with employees, managers, and officers at many of these corporations.[1] (*Id.* ¶¶ 5-7, 38.)

Plaintiffs allege that during their employment with Defendants, they and other female employees were "subjected to sexual harassment in the form of unwanted comments and inquiries about their sex life, sexual advances, unwanted touching and grabbing." (*Id.* ¶ 38.) According to Plaintiffs, this harassment was systemic and created a "sexually hostile and abusive work environment." (*Id.* ¶ 41.) Plaintiffs specifically allege that Rizza, along with various managers and salesmen, participated in this behavior between January 1, 2005 and October 13, 2005. (*Id.* ¶¶ 45-50.) Further, Plaintiffs aver that they and other female employees were compensated less than similarly situated male employees and were also deprived of job

---

[1] Metz was employed by Defendants in various positions between approximately November 1999 and October 2005; Vesely was similarly employed between 1997 and October 2005. (R. 26, Am. Compl. ¶¶ 5, 7.) Tew has been employed by Defendants since approximately October 1999. (*Id.* ¶ 6.) . (*Id.* ¶¶ 5-7.)

2

advancements due to their gender. (*Id.* ¶¶ 54-55.)

Plaintiffs repeatedly complained about this harassment but, despite their efforts, the Defendants failed to adequately investigate their allegations and take prompt corrective action. (*Id.* ¶ 56.) For example, when they presented their complaints regarding verbal harassment by salesmen to a general manager, he stated that he would not reprimand these workers for their offensive language. (*Id.* ¶ 61.) Similarly, when these same allegations were presented to the individual responsible for all of the Defendants' human resource matters, she stated that she was unable to do anything because there was no policy in place for processing sexual harassment complaints. (*See id.* ¶¶ 26, 63.) Plaintiffs aver that, as a result of their complaints regarding their treatment, Defendants retaliated against them. (*Id.* ¶¶ 65-66.)

On October 15, 2005, each Plaintiff filed a separate charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶¶ 20-23.) After filing these charges, each defendant was investigated by the EEOC. (*Id.* ¶ 19.) This investigation looked into the sexual harassment allegations and the Defendants' pay practices, organization and reporting structure, and payroll information. (*Id.* ¶¶ 33-34.) On April 27, 2009, the EEOC issued each of the Plaintiffs a right-to-sue letter. (*Id.* ¶¶ 20-23.)

## PROCEDURAL HISTORY

On August 11, 2009, Plaintiffs filed their amended complaint on behalf of themselves and a putative class. (R. 26, Am. Compl.) In Count I, Plaintiffs allege that the sexual harassment and gender-based pay discrimination they endured constitute violations of Title VII. (*See id.* ¶¶ 19-68.) In Count II, Plaintiffs aver that Defendants violated Title VII by retaliating against them for complaining about their treatment. (*Id.* ¶¶ 79-84.) Further, in response to Defendants' alleged

3

discriminatory pay practices, Tew has filed Counts III and IV and seeks redress under the EPA and Illinois EPA. (*Id.* ¶¶ 85-114.)

Defendants have two motions presently before the Court. In their first motion, Defendants move to dismiss portions of the complaint on various grounds. (R. 38, Defs.' Mot.) First, they argue that certain named defendants should be dismissed from the suit because they were not named in Plaintiffs' EEOC charges. (*Id.* at 2.) Second, they contend that the class allegations should be stricken because they exceed the scope of the allegations in Plaintiffs' EEOC charges. (*Id.*) Third, they ask the Court to order Plaintiffs to file a more definite statement of their pay discrimination claims under Title VII and the EPA. (*Id.*) Finally, they maintain that Tew's claim under the Illinois EPA is time-barred. (*Id.*) In their second motion, Defendants ask the Court to strike declarations and exhibits attached to Plaintiffs' response brief. (R. 48, Defs.' Mot. to Strike.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss, the complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to

relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

## ANALYSIS

### I. Motion to Strike

Defendants have moved to strike two declarations and twenty-one exhibits attached to Plaintiffs' response brief. (R. 48, Defs.' Mot. to Strike.) Defendants contend that consideration of these documents at this procedural stage is improper. (*See id.* ¶ 2.) In response to this motion, Plaintiffs argue that these documents help establish the scope, identity, and interrelationship of the defendants and thus should be considered in evaluating the motion to dismiss. (*See* R. 51, Pls.' Mem. in Opp.'n to Mot. to Strike.)

When ruling on a Rule 12(b)(6) motion, a court generally may consider only the plaintiff's complaint. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Federal Rule of Civil Procedure 10(c) provides, however, that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Seventh Circuit precedent "makes clear that this rule includes a limited class of attachments to Rule 12(b)(6) motions." *Rosenblum*, 299 F.3d at 661. Specifically, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint *and* are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (emphasis added). Such documents may be properly considered by a district court in ruling on a motion to dismiss. *Id.* This narrow exception is "aimed at cases interpreting, for example, a contract" and "is not intended to grant litigants license to ignore the distinction between motions

5

to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). This rule—which typically applies to attachments to motions to dismiss—logically extends to documents attached to a plaintiff's response. *E.g., Krok v. Burns & Wilcox, Ltd.*, No. 98 C 5902, 1999 WL 262125, at *6 (N.D. Ill. Apr. 16, 1999) (refusing to consider attachments to plaintiff's response to a motion to dismiss because they were not central to his claim).

In this case, the Court finds that this narrow exception does not apply because the attachments in question are not central to Plaintiffs' claims. Unlike situations, for example, involving the breach of a contract, Plaintiffs' underlying substantive claims are not contingent upon the interpretation of a document. Rather, their claims turn on whether the Defendants engaged in the alleged sexual harassment, retaliation, and pay discrimination. Despite Plaintiffs' arguments to the contrary, the documents attached to their response are not central in determining whether Defendants engaged in these acts. The Court therefore grants Defendants' motion to strike the attachments to Plaintiffs' response.

## II. Motion to Dismiss

### A. Proper Defendants

In their motion to dismiss, Defendants first argue that all defendants, except for Joe Rizza Enterprises Inc. and Joe Rizza Ford of Orland Park, should be dismissed from this suit because they were not named as parties to Plaintiffs' EEOC charges. (R. 39, Defs.' Mem. at 6-7.)

To successfully maintain a claim under Title VII, a party must file a charge with the EEOC within the period of time allotted by the statute; additionally, the Commission must issue a right-to-sue letter. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). The purpose of the charge filing requirement is twofold. *Schnellbaecher v. Baskin Clothing Co.*, 887

F.2d 124, 126 (7th Cir. 1989). First, it provides notice to the charged party of the alleged violation. *Id.* Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates. *Id.* Once a complaint is filed, the subsequent judicial proceedings are limited by the nature of the charges filed with the EEOC. *Id.* Thus, under the well-settled law of this circuit, "a party not named as the respondent in an EEOC charge may not be sued under Title VII." *Tamayo*, 526 F.3d at 1089 (citing *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001) and *Schnellbaecher*, 887 F.2d at 126). An exception to this general rule exists, however, where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Schnellbaecher*, 887 F.2d at 126 (quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)).

Here, only two of the eight defendants were named in Plaintiffs' EEOC charges: Joe Rizza Enterprises, Inc. and Joe Rizza Ford. (*See* R. 39, Defs.' Mem., Ex. A, Tew's EEOC charge; Ex. C, Metz's EEOC charge; Ex. E, Vesely's EEOC charge.)[2] Thus, under the Seventh

---

[2] In determining the "adequacy of a claim under Rule 12(b)(6), consideration is limited to the facts stated on the face of the complaint . . . and to matters of which judicial notice may be taken." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)). A court may take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute" and either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. Fed. R. Evid. 201(b). Here, the Court may take judicial notice of the EEOC charge and determination letters attached to Defendants' motion to dismiss. *E.g. Reliford v. United Parcel Service*, 08 C 1266, 2008 WL 4865987, at *1 n.1 (N.D. Ill. July 8, 2008) (taking judicial notice of EEOC charge attached to defendant's motion to dismiss); *Goethe v. California*, 2:07 C 01945, 2008 WL 3863601, at *3 (E.D. Cal. Aug. 19, 2008) (taking judicial notice of EEOC charge). Plaintiffs do not dispute the accuracy of EEOC charge and determination letters.

Circuit's general rule, Plaintiffs cannot sue the six defendants not named in their EEOC charges. The question before the Court then becomes whether Plaintiffs' allegations fall under the *Eggleston* exception. Based on the record properly before it, the Court finds that this exception does not apply because the six unnamed defendants were not given the opportunity to participate in conciliation proceedings aimed at voluntary compliance. In the EEOC determination letters sent to Plaintiffs, only Joe Rizza Enterprises, Inc. and Joe Rizza Ford are listed as respondents and are invited to engage in informal methods of conciliation. (*See id.* at Ex. B, Tew's EEOC Determination Letter; Ex. D, Metz's EEOC Determination Letter; Ex. F, Vesely's EEOC Determination Letter.) Further, the complaint does not allege that the six unnamed defendants were given opportunities to conciliate. (*See* R. 26, Am. Compl.) While Plaintiffs do allege that each of the defendants had notice of the EEOC charges, (*id.* ¶ 19), these allegations are insufficient to allow Plaintiffs to proceed with their claims against the unnamed defendants. *Cf. Schnellbaecher*, 887 F.2d at 127 ("Although [the unnamed parent corporation] had notice of the charges against [its named subsidiary], it did not thereby have any notice of any charges against *it*, nor did it have any opportunity to conciliate on its own behalf.") (emphasis in original).

In their response brief, Plaintiffs spend several pages discussing a corporation's liability for an affiliate's discriminatory acts, arguing that they were employed by all of the defendants, and contending that the issue before the Court is factual and therefore unresolvable on a motion to dismiss. (R. 44, Pls.' Mem. at 7-9.) They fail, however, to discuss the relevant case law. Under the well-established Title VII doctrine discussed above, a party not named as the respondent in an EEOC charge may not, in general, be sued under Title VII. Plaintiffs fail to

discuss the applicability of this rule or the *Eggleston* exception.[3] (*See id.* 6-9.) Moreover, Plaintiffs' contention that dismissal of the unnamed defendants at this procedural stage is premature is unavailing; courts in this circuit have dismissed defendants not named in EEOC charges at similar junctures. *See, e.g., Schnellbaecher*, 887 F.2d at 127 (affirming dismissal of unnamed defendant); *Lyons v. Commonwealth Edison*, No. 06 C 4339, 2008 WL 4686153, at *2-3 (N.D. Ill. May 5, 2008) (dismissing unnamed defendant); *Harder v. Vill. of Forest Park*, 466 F. Supp. 2d 1000, 1003-04 (N.D. Ill. 2006) (same).

Accordingly, as a result of not being named in Plaintiffs' EEOC charges, all defendants except for Joe Rizza Enterprises, Inc. and Joe Rizza Ford are dismissed from Plaintiffs' Title VII claims.

## B. Class Allegations

Next, Defendants contend that the complaint's class allegations should be stricken because Plaintiffs failed to exhaust their administrative remedies. (R. 39, Defs.' Mem. at 7-11.)

All Title VII claims set forth in a complaint are cognizable if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (quotations and citations omitted). The Seventh Circuit has held that "claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at

---

[3] The Court finds Plaintiffs' reliance on *Radimecky v. Mercy Health Care and Rehabilitation Center*, No. 00 C 2889, 2000 WL 1644510 (N.D. Ill. Oct. 26, 2000) unpersuasive. The court in *Radimecky* conflated the proper party analysis with the framework for determining when a nominal employer is part of an "integrated enterprise" and thus not allowed to invoke Title VII's few-employees exemption. 2008 WL 1644510, at *2-3; *See Papa v. Katy Indust., Inc.*, 166 F.3d 937 (7th Cir. 1999) (setting out three situations in which a small employer would not be exempt from Title VII).

9

minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 501 (citations omitted) (emphasis in original). This standard is "a liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985).

The starting point for determining the permissible scope of a Title VII plaintiff's complaint is an analysis of the factual allegations contained in the EEOC charge. *Cheek*, 31 F.3d at 500. Indeed, "it is primarily the charge to which [a court] look[s] in determining whether the scope requirement is satisfied." *Schnellbaecher*, 887 F.2d at 127; *accord Wiginton v. Ellis*, No. 02 C 6832, 2003 WL 21037874, at *3 (N.D. Ill. May 6, 2003) ("Under the *Schnellbaecher* regime, our focus is the content of the charge itself and not on the subsequent EEOC investigation"). Here, based on the charges filed with the EEOC, Plaintiffs are seeking to represent a class of "all persons who are employed or have been employed by Defendants or continue to be adversely affected" by the alleged sexual harassment and gender-based pay discrimination. (*See* R. 26, Am. Compl. ¶¶ 53-58, 70.) An examination of Plaintiffs' charges reveals that the class allegations in their complaint are not "like or reasonably related" to the allegations in their respective charges.

In their charges, Plaintiffs frequently use the first-person singular "I" and the singular possessive adjective "my" in describing the particulars of their grievances. (*See* R. 39, Defs.' Mem., Ex. A, Tew's EEOC charge; Ex. C, Metz's EEOC charge; Ex. E, Vesely's EEOC charge.) Metz and Vesely, however, go beyond describing the harms they personally suffered. Metz, for instance, alleges that "the female Internet Sales Coordinator Staff has been verbally and physically abused by the male Sales Floor Staff" and that the "female Internet Sales Coordinator

10

Staff has been paid less sales commission and bonuses than the male Internet Sales Coordinator Staff." (*Id.* at Ex. C, Metz's EEOC charge.) Further, she avers that she and "another female Internet Staff Coordinator filed a police report concerning threats and violence from the male Floor Sales Staff." (*Id.*) Similarly, Vesely alleges that she and other women in Internet Sales are "paid less than similarly situated men at another Respondent location for doing the same work." (*See id.* at Ex. E, Vesely's EEOC charge.) Moreover, in her charge she avers that, after being harassed by male co-workers and leaving work for safety reasons resulting from that harassment, she and another female co-worker were docked pay. (*Id.*)

In comparing these averments to the class allegations in the complaint, the Court finds that the former are not "like or reasonably related" to the latter because of the differing conduct implicated. The Plaintiffs' charges allege sexual harassment and gender-based discrimination against female Internet Sales Coordinator Staff. (*See* R. 39, Defs.' Mem., Ex. C, Metz's EEOC charge; Ex. E, Vesely's EEOC charge.) In contrast, the class allegations describe sexual harassment and gender-based discrimination against "*all persons* who are employed or have been employed by Defendants or continue to be adversely affected" –conduct which is not described in Plaintiffs' charges. (*Compare* R. 26, Am. Comp., ¶¶ 53-59, 69-78 *with* R. 39, Defs.' Mem., Ex. A, Tew's EEOC charge; Ex. C, Metz's EEOC charge; Ex. E, Vesely's EEOC charge.) (emphasis added). Thus, on its face, the complaint alleges conduct–sexual harassment and gender-based discrimination against women outside of Internet Sales–that is not described in Plaintiffs' charges. As a result, Plaintiffs have not shown that the averments in their charges are "like or reasonably related" to the class allegations set forth in their complaint. While it is clear that Plaintiffs' charges go beyond their individual grievances, their charges do not indicate that

women outside of Internet Sales were sexually harassed or compensated in a discriminatory manner.

Plaintiffs are correct in noting that charges must be read liberally and need not use the magic term "class action" to support a subsequent class lawsuit. (R. 44, Pls.' Mem. at 11-12.) They are also correct in pointing out that their charges reference other potential victims of harassment and discrimination. (*Id.* at 12.) The Court, however, finds their arguments opposing Defendants' motion to dismiss unpersuasive as they are not based on a reasonable reading of the underlying charges. At most, their charges allege harassment and discrimination suffered by women in Internet Sales.[4] Their attempt to utilize these allegations as a basis for bringing suit on behalf of all women employed by the Defendants is the product of an unacceptably broad reading of the underlying charges.

Accordingly, the Court will strike Plaintiffs' class allegations to the extent they seek to bring suit on behalf of non-Internet Sales employees.[5]

---

[4] Plaintiffs' reliance on *Binion v. Metropolitan Pier and Exposition Authority* is misplaced as the EEOC charge in that case contained broad language indicating a class action on behalf of all Black employees. 163 F.R.D. 517, 528 (N.D. Ill. 1995) ("I believe that Blacks are discriminated against as a class"). Their reliance on *Ruiz* is also unpersuasive because the charge in that case set forth similarly broad allegations. 2002 WL 31427454, at *1 (allegations in charge indicating that "[a]ll . . . Hispanics" were discriminated against enough to ground a class action lawsuit on behalf of Hispanic job applicants). Unlike the charges in *Binion* and *Ruiz*, the charges in this case do not contain broad language indicating a class action on behalf of all women employed by Defendants.

[5] This ruling says nothing regarding Plaintiffs' ability to satisfy Rule 23's class certification requirements.

## C. More Definite Statement

Next, Defendants ask the Court to order Plaintiffs to provide a more definite statement with respect to their pay discrimination claims under Title VII and the EPA. (R. 39, Defs.' Mem. at 11-12.)

A party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A defendant can move for a more definite statement under Rule 12(e) where a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Motions under Rule 12(e) are generally disfavored. *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 724 (N.D. Ill. 1998); 5C Wright and Miller, Federal Practice and Procedure, §1377, at 336 (3d ed. 2004).

In their complaint, Plaintiffs allege that they were paid less than similarly situated men because of their gender. (R. 26, Am. Compl. ¶¶ 45, 54-56.) Additionally, Tew makes separate allegations regarding gender-based pay discrimination. (*Id.* at ¶¶ 85-107.) The Court finds that these allegations, while somewhat sparse, are not "vague or ambiguous." These allegations provide Defendants notice of Plaintiffs' claims and, thus, a basis for responding to them. The Court therefore denies Defendants' request for a more definite statement with respect to the pay discrimination claims under Title VII and the EPA.[6]

---

[6] Although unclear because of its placement within an argument ostensibly requesting a more definite statement, the Court rejects any contention made by Defendants requesting dismissal of Plaintiffs' Title VII and EPA pay discrimination claims on *Twombly* grounds. The pay discrimination allegations in the complaint, read in the broader context of Plaintiffs' sexual harassment allegations, set forth plausible claims for relief. While Defendants contend that greater specificity is required, the Seventh Circuit has noted on numerous occasions that "a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo*, 523 F.3d at 1081. Tew's allegations with respect to her EPA claim also

13

### D. EPA Claim

Defendants also argue that Tew's EPA claim should be dismissed because it "exceed[s] the scope of her Charge to the extent [it] seek[s] relief from alleged parties not named in the Charge." (R. 39, Defs.' Mem. at 12.)

It is well-established that a plaintiff is not required to file a charge with the EEOC as a prerequisite to bringing an EPA claim. *Washington County v. Gunther*, 452 U.S. 161, 175 n.14 (1981) ("the Equal Pay Act, unlike Title VII, has no requirement of filing administrative complaints and awaiting administrative conciliation efforts").[7] Indeed, Defendants note this in their reply brief. (R. 54, Defs.' Reply at 14.) Without an underlying charge requirement, the Court finds that any argument predicated on an impermissible relationship between a charge and an EPA claim fails. The Court therefore rejects Defendants' scope argument as it relates to Tew's EPA claim.

### E. Illinois EPA

Finally, Defendants contend that Tew's Illinois EPA claim is time-barred. (R. 39, Defs.' Mem. at 13.)

The Illinois EPA, as drafted when Plaintiffs' complaint was filed, stated that every action under the statute "shall be brought within 3 years from the date the employee learned of the underpayment." 820 ILCS 112/30 (amended 2009). Here, in her charge filed on October 13, 2005, Tew avers that after having been denied a pay increase, she learned that she was being paid

---

cross this plausibility threshold.

[7] In their reply brief, Defendants assert a timeliness argument with respect to Tew's EPA claim. (R. 54, Defs.' Reply at 14.) As a result of having first presented it in their reply, Defendants have waived this argument. *See Carter v. Tennant Co.*, 383 F.3d 673, 678 (7th Cir. 2004) (new arguments raised for the first time in a reply brief are considered waived); *Axis Hospitality, Inc. v. Hanson*, 08 C 7212, 2010 WL 431662, at *4 n.7 (N.D. Ill. Feb. 1, 2010) (same).

substantially less than her male counterpart. (R. 39, Defs.' Mem., Ex. A, Tew's EEOC charge.) Even giving Tew the benefit of the doubt and assuming that she learned of this pay differential the day she filed her charge, her Illinois EPA claim is still untimely. Based on a three-year limitations period, the latest date she could have filed this claim was October 13, 2008. Thus, because her Illinois EPA claim is contained in a complaint filed on August 11, 2009, it is plainly time-barred.

Tew argues that her claim is not time-barred because "the disparity in pay was a continuous act that occurred within the three years limitations period." (R. 44, Pls.' Mem. at 17-18.) Tew, however, fails to provide any legal authority indicating the applicability of the continuing violation doctrine to the Illinois EPA statute of limitations provision prior to its amendment. (*See id.*) The Court finds that the incorporation of the continuing violation doctrine into the current statute–which allows a plaintiff to file suit within five years from each time wages are underpaid–strongly suggests that the doctrine was not applicable to the statute prior to its amendment. *See* 820 ILCS 112/30(a).

Accordingly, as a result of its untimely filing, the Court dismisses Tew's Illinois EPA claim.

## CONCLUSION

For the reasons stated above, Defendants' motion to strike (R. 48) is GRANTED. Defendants' motion to dismiss (R. 38) is GRANTED in part and DENIED in part. All defendants except for Joe Rizza Enterprises, Inc. and Joe Rizza Ford are dismissed from Counts I and II. Additionally, the Court will strike Plaintiffs' class allegations to the extent they seek to bring suit on behalf of non-Internet Sales employees. Finally, Tew's Illinois EPA claim is dismissed. The rest

of Defendant's motion to dismiss is denied. The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case. The parties shall appear for a status on April 27, 2010 at 9:45 a.m. The Court reminds the parties that all discovery is to be completed on or before May 28, 2010.

Entered: _____
**Judge Ruben Castillo**
**United States District Court**

**Dated:** March 23, 2010